IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-17109 CA 02

VINCENT POST,

    Plaintiff,

vs.

CITY OF MIAMI POLICE DEPARTMENT,
a political subdivision of the State of Florida;

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, VINCENT POST (hereinafter referred to as "POST"), sues Defendant, CITY OF MIAMI POLICE DEPARTMENT (hereinafter referred to as "MIAMI POLICE"), a political subdivision of the State of Florida, and alleges as follows:

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and within the jurisdictional limits of this Court.

2. Plaintiff is a resident of Arlington, Virginia, is over the age of 18, and is *sui juris* in all respects.

3. Defendant, CITY OF MIAMI POLICE DEPARTMENT, is a political subdivision of the State of Florida.

4. Venue is proper in Miami-Dade County, Florida, as it is the site of the incident which is the subject of this Complaint.

5. All conditions precedent to the institution of this action, including but not limited to notice as required under Florida Statute §768.28, have been complied with, been excused or



waived. (See Statutory Notice Letter and Return Receipts attached hereto as Plaintiff's Composite Exhibit "A").

## GENERAL ALLEGATIONS

6. On or about June 8, 2007, Plaintiff, VINCENT POST, and JORGE ARROYO while attempting to exit the building where they resided, were impeded by an obstacle in the doorway. The door at issue is a solid steel door.

7. Plaintiff, VINCENT POST, came to realize later that the obstacle in the doorway was BRIGIDA FLORES' foot. Ms. Flores is the owner of a Unit on the second floor and the accuser of aggravated battery against Plaintiff, VINCENT POST.

8. Plaintiff, VINCENT POST, apologized to Ms. Flores for the door bumping into her, and he continued walking to his destination Cristobelles, a restaurant in the Coconut Grove area.

9. Upon returning, Plaintiff, VINCENT POST and JORGE ARROYO, as was their custom, attempted to enter their building through the south side rear door going unto the second floor.

10. At this time and place, Plaintiff, POST, was approached and violently arrested by Officers MCILLWAIN and SHAFFNER, employees of Defendant, MIAMI POLICE.

11. A reasonable investigation of the facts and circumstances would have shown that there was no probable cause to believe Plaintiff, POST, had committed any crime, and that he was, in fact, innocent of any accusations of wrongdoing.

12. All criminal charges against Plaintiff, POST, arising from his arrest on June 8, 2007, were ultimately either no actioned as was the case with the aggravated battery charge, or

nolle prossed, as was the case with the resisting without violence charge. Accordingly, all criminal charges arising from this incident were resolved in favor of Plaintiff, POST.

13. Officers MCILLWAIN AND SHAFFNER are agents, representatives, or employees of Defendant, MIAMI POLICE, and at all times material hereto were acting within the course and scope of their employment with the full knowledge and authority of Defendant, MIAMI POLICE.

14. On or about June 8, 2007, Officers MCILLWAIN AND SHAFFNER engaged in a systematic and oppressive course of conduct against Plaintiff, POST. The conduct included but was not limited to:

    A. Inflicting a wound to POST's head by physically throwing him on the ground in the hotel parking garage; and

    B. Upon arrival at the jail, yanking POST out of the police vehicle by his handcuffs, thus causing him to fall to the ground.

## COUNT I
## NEGLIGENCE OF CITY OF MIAMI POLICE DEPARTMENT

15. Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Defendant, CITY OF MIAMI POLICE DEPARTMENT owed a non-delegable duty to Plaintiff, VINCENT POST, to protect him from physical and psychological harm while arresting, albeit illegally, a non-violent individual.

17. Defendant, MIAMI POLICE, breached that duty by:

    A. Failing to adequately monitor and supervise its employees and personnel;

    B. Failing to properly train and instruct its employees and personnel; and

  C. Failing to implement appropriate policies and procedures regarding how its employees and personnel should interact with alleged criminal defendants.

18. Defendant, MIAMI POLICE, as a direct and proximate result of its negligence, is liable to Plaintiff, POST, for all damages to which POST is entitled, including but not limited to:

  (a) Bodily injury;

  (b) Past and future pain and suffering;

  (c) Disfigurement;

  (d) Past and future mental anguish;

  (e) Loss of capacity for the enjoyment of life;

  (f) Past and future medical bills;

  (g) Past and future lost wages; and

  (h) Expenses for attorney's fees related to defending the false criminal charges.

19. Plaintiff, POST's losses are either permanent or continuing in nature, and POST will suffer the losses in the future.

WHEREFORE, Plaintiff, VINCENT POST, demands judgment against Defendant, CITY OF MIAMI POLICE DEPARTMENT, for compensatory and economic damages, plus interest and costs, as well as whatever other relief this Court deems just and proper.

## COUNT II
## NEGLIGENT HIRING BY DEFENDANT, CITY OF MIAMI POLICE DEPARTMENT

20. Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

21. Defendant, CITY OF MIAMI POLICE DEPARTMENT, owed a non-delegable duty to Plaintiff, VINCENT POST, not to subject him to physical violence by its employees

OFFICERS MCILLWAIN and SHAFFNER. Defendant, MIAMI POLICE, was aware, or should have been aware in the exercise of due diligence, that its employees, MCILLWAIN and SHAFFNER, were unfit to adequately perform police duties such as arresting individuals. Defendant, MIAMI POLICE, knew that these employees, acting in their capacity as police officers, would interact with alleged criminal defendants, and that the failure to exercise reasonable and ordinary care rather than an unwarranted and unnecessary force could lead to the injuring of individuals like Plaintiff, POST.

22. Defendant, MIAMI POLICE, knew or should have known of both OFFICERS MCILLWAIN and SHAFFNER's unfitness to adequately perform police duties when they were hired. In its hiring of OFFICERS MCILLWAIN and SHAFFNER, Defendant, MIAMI POLICE, failed to make reasonable efforts to become aware of said individuals' dangerous propensities. Further, Defendant, MIAMI POLICE, failed to diligently interview OFFICERS MCILLWAIN and SHAFFNER, and failed to adequately investigate their background, and failed to perform reasonable psychological testing, prior to hiring them. Had Defendant, MIAMI POLICE, done the aforesaid, they would have known that said individuals were unfit to perform the duties required of them.

23. Defendant, MIAMI POLICE, as a direct and proximate result of its negligent hiring of both MCILLWAIN and SHAFFNER, is liable to Plaintiff, VINCENT POST, as a consequence of Defendant, MIAMI POLICE's liability, for all damages to which Plaintiff, POST, is entitled, including, as applicable law may provide, but not limited to:

    (a) Bodily injury;

    (b) Past and future pain and suffering;

    (c) Disfigurement;

    (d) Past and future mental anguish;

    (e) Loss of capacity for the enjoyment of life;

    (f) Past and future medical bills;

    (g) Past and future lost wages; and

    (h) Expenses for attorney's fees related to defending the false criminal charges.

24. Plaintiff, POST's losses are either permanent or continuing in nature, and POST will suffer the losses in the future.

WHEREFORE, Plaintiff, VINCENT POST, demands judgment against Defendant, CITY OF MIAMI POLICE DEPARTMENT, for compensatory and economic damages, plus interest and costs, as well as whatever other relief this Court deems just and proper.

## COUNT III
## NEGLIGENT RETENTION BY DEFENDANT, CITY OF MIAMI POLICE DEPARTMENT

25. Plaintiff herby readopts and incorporates the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

26. Defendant, CITY OF MIAMI POLICE DEPARTMENT, owed a non-delegable duty to Plaintiff, VINCENT POST, to remove employees, MCILLWAIN and SHAFFNER, once it became apparent that they posed danger to others and particularly to Plaintiff, POST. Furthermore, Defendant, MIAMI POLICE, failed to discharge MCILLWAIN and SHAFFNER once they became aware of their dangerous propensities.

27. Defendant, MIAMI POLICE, as a direct and proximate result of its negligent retention of MCILLWAIN and SHAFFNER, is liable to Plaintiff, POST, as a consequence of Defendant, MIAMI POLICE's liability, for all damages to which Plaintiff, POST, is entitled, including, as applicable law may provide, but not limited to:

(a) Bodily injury;

(b) Past and future pain and suffering;

(c) Disfigurement;

(d) Past and future mental anguish;

(e) Loss of capacity for the enjoyment of life;

(f) Past and future medical bills;

(g) Past and future lost wages; and

(h) Expenses for attorney's fees related to defending the false criminal charges.

28. Plaintiff, POST's losses are either permanent or continuing in nature, and POST will suffer the losses in the future.

WHEREFORE, Plaintiff, VINCENT POST, demands judgment against Defendant, CITY OF MIAMI POLICE DEPARTMENT, for compensatory and economic damages, plus interest and costs, as well as whatever other relief this Court deems just and proper.

## COUNT IV
## NEGLIGENT SUPERVISION BY DEFENDANT, CITY OF MIAMI POLICE DEPARTMENT

29. Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

30. Defendant, CITY OF MIAMI POLICE DEPARTMENT, owed a non-delegable duty to Plaintiff, VINCENT POST, to monitor the actions of their employees to ensure that they did not present dangerous propensities while apprehending alleged criminal defendants. Furthermore, if they were going to permit their employees to apprehend alleged criminal defendants, they had a duty to make sure that said individuals were properly trained to arrest alleged criminal defendants, and to establish appropriate and adequate guidelines with reference

to the use of physical force. Defendant, MIAMI POLICE, failed to adequately supervise OFFICERS MCILLWAIN and SHAFFNER so as to ensure that they would behave appropriately while arresting alleged criminal defendants.

31. Defendant, MIAMI POLICE, as a direct and proximate result of its negligent retention of OFFICERS MCILLWAIN and SHAFFNER, is liable to Plaintiff, POST, as a consequence of Defendant, MIAMI POLICE's liability, for all damages to which Plaintiff, POST is entitled, including, as applicable law may provide, but not limited to:

    (a) Bodily injury;

    (b) Past and future pain and suffering;

    (c) Disfigurement;

    (d) Past and future mental anguish;

    (e) Loss of capacity for the enjoyment of life;

    (f) Past and future medical bills;

    (g) Past and future lost wages; and

    (h) Expenses for attorney's fees related to defending the false criminal charges.

32. Plaintiff, POST's losses are either permanent or continuing in nature, and POST will suffer the losses in the future.

WHEREFORE, Plaintiff, VINCENT POST, demands judgment against Defendant, CITY OF MIAMI POLICE DEPARTMENT, for compensatory and economic damages, plus interest and costs, as well as whatever other relief this Court deems just and proper.

## COUNT V
## FALSE IMPRISONMENT

33. Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

34. The actions of OFFICERS MCILLWAIN and SHAFFNER on behalf of Defendant, CITY OF MIAMI POLICE DEPARTMENT, in restraining Plaintiff, VINCENT POST, and then inflicting physical punishment against his will, constitutes an unlawful restraint that was unreasonable and unwarranted under the circumstances. This unlawful restraint was intentional and deprived Plaintiff, POST, of his liberty.

35. The arrest of the Plaintiff, POST, was unlawful and illegal as it was not supported by probable cause. A reasonable investigation of the facts surrounding this matter would have led to the conclusion that there was no probable cause to arrest the Plaintiff, POST.

36. Defendant, MIAMI POLICE, as a direct and proximate result of its negligent employment of OFFICERS MCILLWAIN and SHAFFNER, is liable to Plaintiff, POST, as a consequence of Defendant, MIAMI POLICE's liability, for all damages to which Plaintiff, POST, is entitled, including, as applicable law may provide, but not limited to:

  (a) Bodily injury;

  (b) Past and future pain and suffering;

  (c) Disfigurement;

  (d) Past and future mental anguish;

  (e) Loss of capacity for the enjoyment of life;

  (f) Past and future medical bills;

  (g) Past and future lost wages; and

  (h) Expenses for attorney's fees related to defending the false criminal charges.

37. Plaintiff, POST's losses are either permanent or continuing in nature, and POST will suffer the losses in the future.

WHEREFORE, Plaintiff, VINCENT POST, demands judgment against Defendant, CITY OF MIAMI POLICE DEPARTMENT, for compensatory and economic damages, plus interest and costs, as well as whatever other relief this Court deems just and proper.

## COUNT VI
## VIOLATION OF VINCENT POST'S CIVIL RIGHTS
## BY DEFENDANT, CITY OF MIAMI POLICE DEPARTMENT

38. Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

39. The actions of Defendant, MIAMI POLICE's employees, OFFICERS MCILLWAIN and SHAFFNER, in falsely imprisoning Plaintiff, POST, represent a seizure and this violated 42 U.S.C. §1983, and deprived him of his Fourth and Fourteenth Amendment rights against unreasonable searches and seizures as guaranteed by The United States Constitution and by 42 U.S.C. §1983.

40. At the time of the violation, OFFICERS MCILLWAIN and SHAFNNER, as agents and employees of Defendant, MIAMI POLICE, were acting under color of State law or under the traditional customs, usage, and practices of Defendant, MIAMI POLICE.

41. At the time of Plaintiff, POST's seizure, Defendant, MIAMI POLICE, lacked any policies or customs regarding the use of violence and humiliation against alleged criminal defendants by its employees and agents.

42. Defendant, MIAMI POLICE's failure to institute a policy or custom against the use of seizures, violence, and humiliation by its employees or agents against innocent individuals such as Plaintiff, POST, constituted deliberate indifference on behalf of Defendant, MIAMI POLICE, as to Plaintiff, POST's constitutional rights.

43. Defendant, MIAMI POLICE's failure to institute a policy or custom against the use of seizures, violence, threats, or humiliation by its employees or agents, was the moving force behind the deprivation of Plaintiff, POST's constitutional rights.

44. Under the circumstances, the actions of Defendant, MIAMI POLICE's employees and agents, which were committed in the course and scope of their employment, were an abuse of Defendant, MIAMI POLICE's existing power.

WHEREFORE, Plaintiff, VINCENT POST, demands judgment against Defendant, CITY OF MIAMI POLICE DEPARTMENT, for compensatory and economic damages, plus interest and costs, as well as whatever other relief this Court deems just and proper.

Dated this 2nd day of June, 2011.

SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, CRESPO, GOMEZ & MACHADO, LLP
Attorneys for Plaintiff
2333 Ponce de Leon Boulevard
Suite 302
Coral Gables, FL  33134
Ph:     (305) 441-2777
Fax:    (305) 441-2730

By: _____
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551

# THE LAGE LAW FIRM, P.A.

2333 Ponce De Leon Boulevard
Suite 302
Coral Gables, Florida 33134

Telephone: 305- 441-2777
Facsimile: 305-441-2730

May 21, 2009

City of Miami
Department of Risk Management
444 S.W. 2nd Avenue
9th Floor
Miami, FL  33130

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

RE:  **Our Client**             :  **Vincent F. Post, Jr.**
     **Date of Incident**       :  **June 8, 2007**
     **Location of Incident** :  **2951 South Bayshore Drive, Miami, Florida**

Dear Sir/Madam:

   Please allow this letter to serve as formal notice required under Florida Statute 768.28, that a claim for damages is being made against The City of Miami Police Department on behalf of our client, Vincent F. Post, Jr.

   This office represents Mr. Post in a claim for personal injuries sustained on the above date and location, due to the violation of his civil rights by Officers K. Mcillwain and B. Shaffner. Based upon our investigation, it appears that your employees and The City of Miami Police Department were solely at fault for this incident.

   Mr. Post's date of birth, place of birth, and social security number are as follows:

   Date of Birth       :  02/12/53
   Place of Birth      :  Poughkeepsie, NY
   Social Security #   :  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

   There have been no prior adjudicated unpaid claims in excess of $200.00, owed by the claimant to the state, its agency, officer or subdivision.



PLAINTIFF'S EXHIBIT A

City of Miami
Department of Risk Management
May 21, 2009
Page -2-

      Please direct all further communications in reference to this claim to the undersigned, and promptly advise if you will accept or deny this claim. If you require any further information or documentation, please do not hesitate to contact the undersigned.

                              Very truly yours,

                              GUSTAVO D. LAGE

GDL/tg

cc:    Florida Department of Financial Services
        200 East Gaines Street
        Tallahassee, FL 32399

        Chief John F. Timoney
        City of Miami Police Department
        400 N.W. 2nd Avenue
        Miami, FL 33128

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dept. of Financial Services
200 E. Gaines Street
Tallahassee, FL 32399

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X DEPARTMENT OF FINANCIAL SERVICES — MAY 2 6 2009 — ☐ Agent ☐ Addressee
B. Received by (Printed Name) J. GALBREATH, MAIL CENTER SUPERVISOR — C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7006 2760 0004 2459 6136

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chief John F. Timoney
City of Miami Police Dept
400 N.W. 2nd Avenue
Miami, FL 33128

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Rolando Aleman   ☐ Agent ☐ Addressee
B. Received by (Printed Name) Rolando Aleman   C. Date of Delivery

[postmark: MAY 27 2009 MIAMI FLA WINDOW]

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7006 2760 0004 2459 6143

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Miami
Department of Risk Management
444 S.W. 2 Avenue
9th Floor
Miami, FL 33130

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]   ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7006 2760 0004 2459 6150

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540